MR. JUSTICE HUNT,
dissenting:
I dissent. The majority has set forth their dislike for the practice of bad check writing. This dislike will be applauded by reasonable people the world over and I join in that applause. But I cannot agree with the majority’s apparent holding that all those who write checks without sufficient funds in the bank are unable to perform their jobs as “a matter of law.”
Even Ashland Oil, the employer, did not go that far. Its area manager said, “I could have accepted one or two returned checks. There would have been no problem. I’ve seen employees return checks before. It’s excusable. It’s human error.” The employer, in fact, gave a letter of reference to the employee, and while it was less than glowing as to his management skill — “until he gains some additional experience and maturity” — the letter of recommendation did point out that Hyatt was a “very good worker . . . whose determination, hard work and initiative, will be of value to him and his future employer.”
The hearing examiner who heard the case did not find that Hyatt was discharged for misconduct within the meaning of the Montana Unemployment Insurance law. The Board of Labor Appeals upheld that finding. The District Court reviewed the file and after a full and complete discussion of the law and facts concluded, in the language of the rule, that “(t)he statutory term misconduct shall not be literally applied so as to operate as a forfeiture except in clear instances of willful or wanton misconduct by the claimant which affects the employer’s interest.” Section 24.11.418(6), A.R.M. The District Court upheld the Board of Appeals and this Court should do the same. Writing a check without knowledge of sufficient funds is not a wholesome practice. It does not, however, constitute misconduct as a matter of law within the meaning of the Montana Unemployment Insurance act.